RHESA HAWKINS BARKSDALE, Circuit Judge,
dissenting:
For considering the summary judgment at issue, I agree with the majority that our de novo review is for a genuine dispute of material fact vel non for whether the plan administrator abused its discretion. But, I disagree with the majority’s holding there was none. In that regard, it fails to “con-struí] all facts and evidence in the light most favorable to the non-moving party”: Burell. Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co., 784 F.3d 270, 273 (5th Cir.2015). Our deferential standard of review, together with the rarity of an ERISA appeal’s having a genuine dispute of material fact, must not obscure that, on this record, summary judgment should be denied and a trial held. Therefore, I must respectfully dissent.
Burell’s action is distinguishable from those on which the majority' relies, for which our court held á plan administrator’s denial of benefits to be reasonable: that is, *141 not arbitrary and capricious. In Gothard v. Metropolitan Life Insurance Co,, 491 F.3d 246 (5th Cir.2007), and Sweatman v. Commercial Union Insurance Co., 39 F.3d 594 (5th Cir.1994), the conflicting evidence for the claimants’ ■ disability was between the claimants’ treating physicians and the insurance companies’ reviewers. • There, our court held it reasonable to make the “permissible choice between the position of [the plan administrator’s medical reviewer], and the position of [the claimant’s treating physician]”. Sweatman, 39 F.3d at 602; see also Gothard, 491 F.3d at 249-50.
For Burell, conversely, Prudential’s reviewers disagreed among themselves regarding whether his MS amounted to disability under the long-term disability (LTD) plan. We have never addressed whether such a conflict was a “permissible choice”. Sweatman, 39 F.3d at 602. One of Prudential’s reviewers, Dr. Osinubi, confirmed a diagnosis of MS, as the majority notes; but, she also observed the “consensus amongst his treating providers that [MS] is impairing his ability , to function at work, and the intensity, of treatment with MS medications ... all tend to support the level of severity and functional impairment that the [claimant] is reporting and all pf his healthcare providers are endorsing”. Moreover, Dr. Osinubi stated “there is scientific literature to indicate that the manifestation of MS may .be .,. variable[,] as there are significant individual differences in the cognitive, presentation of MS”. The administrative record supports that statement; Dr. .Attfield, the other third-round reviewer,. reported “there is no indication [Burell] is frankly,.malingering”,. contradicting the report, of Prudential’s previous reviewer, Dr. Boone,, and next reviewer, Dr. Chafetz.
And, as the majority notes,-because Prudential, as plan administrator, both evaluates claims and pays benefits, there is an inherent conflict of interest. Truitt v. Unum Life Ins. Co. of Am., 729 F.3d 497, 508 (5th Cir.2013), cert. denied, 134 S.Ct. 1761 (2014). “[W]here circumstances suggest, a higher likelihood that [the conflict] affected'the benefits decision”; structural conflict should weigh more heavily in the court’s abuse-of-discretion analysis. Holland v. Int’l Paper Co. Ret. Plan, 576 F.3d 240, 247 n. 3, 248-49 (5th Cir.2009) (quoting Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 117, 128 S.Ct. 2343 (2008)). That is especially true in reviewing this summary judgment. In Holland, the claimant “adduced no evidence ... [the plan administrator’s] conflict affected its benefits decision”; therefore, the administrator did not abuse its discretion in denying benefits. Id. at 249. On the other hand, the inconsistencies in Prudential’s procedure point to a genuine dispute of material fact for whether Prudential’s inherent conflict of interest affected its decision-making for Burell’s claim. ... « .
Burell asserts Prudential’s decision was procedurally unreasonable because Prudential failed to follow its own review procedures. Here, following Dr. Osinubi’s review, Dr. Chafetz conducted an independent neurocognitive exam for Prudential. Similar to some of Prudential’s previous reviewers, he was' skeptical -of whether Burell was presenting credibly, and stated the evidence in the record did not support functional impairment based on cognitive deficiencies.
But, Dr. Chafetz was the first reviewer who was not provided all of the reports of Prudential’s previous reviewers; based on this summary-judgment record, it appears Dr. Chafetz did not receive for his review Drs. Osinubi and Attfield’s reports, which suggested disability as a result of Burell’s MS. By contrast, Prudential had provided to Dr. Boone the’report by Dr. Isaacson, *142 dated just a week before Dr, Boone conducted his review. In fact, based on this summary-judgment record, every reviewer prior to Dr. Chafetz was provided with Burell’s entire claim file.
Furthermore, although the district court ruled Drs. Osinubi and Attfield’s conclusions “irrelevant” to Dr. Chafetz’ testing Burell’s cognitive abilities (which, of course, is not considered in our de novo review of the summary judgment), Burell v. Prudential Ins. Co. of Am., No. 5:13—CV-359 at 11 (W.D.Tex. 16 Dec. 2014), Drs. Isaacson and Boone received for their reviews arguably “irrelevant” reports from prior Prudential reviewers Dr. Neuren and Nurse Garcia. And, as Drs. Osinubi and Attfield were the first whose reports leaned in favor of Burell, and Dr. Chafetz was the first of Prudential’s reviewers not to receive the reports of the previous reviewers, the independence of Prudential’s procedural process is called seriously into question.
Additionally, Prudential’s not adequately considering Burell’s diagnoses of anxiety and depression points to a genuine dispute of material fact. The majority holds this assertion is waived for failure to adequately raise it in district court; however, as Burell asserts, he presented the issue in his response to Prudential’s summary-judgment motion. Therefore, it is not waived. Drs. Chafetz and Isaacson and Nurse Garcia noted these diagnoses. Dr. Isaacson and Nurse Garcia deferred judgment on whether these cognitive issues resulted in disability; and, in part because Dr. Chafetz received no reports to the contrary (i.e. from Drs. Osinubi and Att-field), he found the record showed “extensive invalidity” as to impairment.
In addition, Prudential considered other grounds causing Burell’s medical complaints that did not require it to provide LTD benefits, such as work stress, despite Burell’s having been Director of Biomedical Services for all San Antonio hospital facilities since 1999, nine years before his MS diagnosis. When considered alongside the other factors pointing to Prudential’s unreasonableness, its failure to consider alternative grounds provides further support for the requisite genuine dispute of material fact.
For the foregoing reasons, I would vacate the judgment and remand this action for trial. Because the majority holds otherwise, I must respectfully dissent.